**NOT FOR PUBLICATION**

MAY 19 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESBIN ORLANDO REVOLORIO, | No. 13-70823 |
| Petitioner, | Agency No. A070-786-014 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Esbin Orlando Revolorio, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen deportation proceedings. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Revolorio's motion to reopen where notice was proper, *see* 8 U.S.C. § 1229(a), and where Revolorio failed to appear at his hearing and did not establish exceptional circumstances to excuse his failure to appear, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1); *cf. Romani v. INS*, 146 F.3d 737, 739 (9th Cir. 1998) (no failure to appear when petitioners were at courtroom on time but were incorrectly told by counsel's assistant that the immigration judge had already ordered them deported in absentia). It follows that Revolorio's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

We lack jurisdiction to review the BIA's decision whether to invoke its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder,* 633 F.3d 818, 823-24 (9th Cir. 2011).

In light of our disposition, we need not reach Revolorio's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-70823